7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Terry William CORBIN, a/k/a Arthur Tye Corbin, a/k/a James
Smith, a/k/a William Woodman, a/k/a Billy Woodman,
a/k/a Jeff Goodman, a/k/a Jamey Smith,
Defendant-Appellant.
 No. 92-5845.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 29, 1993.
Decided: September 20, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-92-115-N)
 Stephen J. Davis, Shuttleworth, Ruloff, Giordano & Kahle, P.C., Virginia Beach, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, George M. Kelley, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Terry William Corbin appeals from his conviction of possession of a firearm shipped in interstate commerce while a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1993), for which he received a sentence of 120 months in prison and three years of supervised release. Corbin's only argument on appeal is that the district court abused its discretion in denying his motion for a new trial under Fed. R. Crim. P. 33. Because we find that the court did not abuse its discretion in denying the motion for new trial, we affirm Corbin's conviction.
 
 
 2
 A police officer stopped Corbin for traffic offenses in December 1991. When Corbin exited his vehicle at the officer's request, the officer noted a gun protruding from underneath the driver's seat of the car. When it was determined that Corbin was a convicted felon, he was indicted for violating 18 U.S.C. § 922. After a jury found him guilty for that offense, but before sentencing, Corbin filed a motion for a new trial under Fed. R. Crim. P. 33 on the grounds of newly discovered evidence. He attached to his motion an affidavit from Harry Quintal ("Quintal"), who encountered Corbin while both were at the Norfolk City Jail. Quintal stated in his affidavit that Corbin intervened in an argument he had with "Frankie" at a party. He continued that he noticed that Frankie was carrying a gun and that Corbin left with Frankie.
 
 
 3
 This Circuit employs a five-part test in ascertaining whether a new trial should be granted under Rule 33 on the basis of newly discovered evidence:
 
 
 4
 (1) is the evidence, in fact, newly discovered;
 
 
 5
 (2) are facts alleged from which the court may infer due diligence on the part of the movant;
 
 
 6
 (3) is the evidence relied upon not merely cumulative or impeaching;
 
 
 7
 (4) is the evidence material to the issues involved; and
 
 
 8
 (5) would the evidence probably result in acquittal at a new trial?
 
 
 9
 United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989) (citing United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987)). Unless the answer to each of the above questions is affirmative, a new trial is not appropriate. Id.
 
 
 10
 Corbin asserts that Quintal's testimony meets all the criteria to merit a new trial for newly discovered evidence. We disagree. Corbin was released on bond shortly after his arrest, and Quintal states in his affidavit that he was at least in Virginia until mid-January 1992. Thus, it is not clear that the evidence was in fact newly discovered or that it could not have been produced at trial through due diligence. The record does not disclose any effort by Corbin to locate witnesses.
 
 
 11
 According to the arresting police officer, Corbin gave several different explanations for possession of the gun. Corbin testified that he offered the officer only his speculation of the owner of the gun, and added at trial that "it could have been Frankie's." Corbin was the only defense witness. The police officer testified in rebuttal that Corbin never stated that the gun came from Frankie. Thus, Quintal's testimony is primarily cumulative of Corbin's testimony that the gun found in the car might have been Frankie's.
 
 
 12
 In addition, the Quintal affidavit is immaterial to the only disputed issue of the case-whether Corbin possessed the firearm. Even if Quintal's affidavit is true, it has no bearing on whether Corbin was in possession of a firearm while a convicted felon. Finally, it is unlikely that the Quintal testimony would produce an acquittal on retrial. Even if a jury were to believe all of Quintal's testimony, it contradicts some of Corbin's own statements at trial and sheds no light on whether Corbin possessed the firearm. No matter who might have owned the gun, Corbin never denied that he knew the gun was in the car he was driving. As the government notes, since Quintal is apparently a convicted felon, his credibility would likely be questionable to a jury.
 
 
 13
 Thus, we find that the district court did not abuse its discretion in denying Corbin's motion for a new trial, and we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED